## AFFIDAVIT OF STEPHANIE SCHAFER

I, Stephanie Schafer, being duly sworn, do depose and state that:

### I. INTRODUCTION

1. I am employed as a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed for approximately four and a half years. I am currently assigned to Boston Group IV, which investigates firearms related activities in the eastern portion of Massachusetts.

2. I am submitting this affidavit in support of an application for a complaint and arrest warrant for Jose Torres a/k/a Jesus Rodriguez (year of birth: 1958) ("Torres") for violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearms and ammunition).

3. The information set forth herein is based on my personal knowledge, my review of Torres's criminal record, and information provided by other law enforcement officers.

4. This affidavit is being submitted for the limited purpose of establishing probable cause to believe that, on March 8, 2004, Torres, having previously been convicted of a crime punishable by a term of imprisonment of more than one year, possessed firearms and ammunition in and affecting commerce. Accordingly, I have not included each and every fact known to me

and other law enforcement officers involved in this investigation.

## II. POSSESSION OF A FIREARM AND AMMUNITION

5.  On March 5, 2004 a reliable confidential informant ("CI") provided information concerning Torres, whom the CI knows personally. The CI has previously provided reliable information that has assisted law enforcement in obtaining search warrants for narcotics. The CI has previously been convicted of assault and battery, trafficking of class A & B controlled substances, possession of a firearm, knowingly receiving stolen property, and several motor vehicle violations.

6.  According to the CI, on March 5, 2004, the CI went with Torres to 273 South 2nd Street, New Bedford, Massachusetts. According to the CI, that address is the residence of Torres's cousin. At that address, Torres showed the CI a rifle, shotgun and ammunition. Torres indicated that he would sell all three to the CI for $350.

7.  On March 8, 2004, Sgt. Paul Oliveira of the New Bedford Police Department and I searched the CI to ensure that the CI was not in possession of a firearm, narcotics, or other contraband. We then outfitted the CI with electronic monitoring and recording equipment. The CI was given $450 in agent cashier funds and provided with an undercover vehicle to drive. The CI was

followed to the intersection of Bullard Street and Ashley Boulevard where the CI picked up Torres and another Hispanic male identified only as "Pito." Torres sat in the front passenger seat of the vehicle and Pito sat in the back seat.

8. Police officers followed the CI, Torres, and Pito to 273 South 2nd Street where the transaction was completed. I was in the vicinity of that address when they arrived and observed their arrival. We then followed the CI back to a pre arranged meeting location where the CI turned over approximately .9g of heroin, a Marlin Model 60 .22 caliber rifle with an obliterated serial number, a Mossberg Model 500A 12 gauge shotgun bearing serial number J762640, and 49 rounds of .22lr ammunition, all of which the CI stated he had received from Torres. The CI also turned over a black duffel bag, a camouflage long gun bag, a blue and yellow Nautica jacket, a white tube sock, and newspaper and plastic wrappings, which Torres had provided to conceal the weapons and ammunition. According to the CI, Torres sold him the heroin for $100 and sold him the firearms and ammunition for $350.

9. The purchase of heroin from Torres took place in the undercover vehicle and can be seen on a videotape of the transaction. The CI indicated that Torres spit 4 or 5 small baggies out of his mouth and gave the CI one of them in exchange

for $100. Torres then left the vehicle and went inside 273 South 2nd Street to obtain the firearms and ammunition. Torres can be seen on the videotape returning to the undercover vehicle and placing a black duffel bag in the back seat of the car. This duffel bag contained the firearms and ammunition.

10. The Massachusetts State Police crime laboratory has restored the obliterated serial number on the .22 caliber Marlin Model 60 rifle, which serial number is 08290779. On April 20, 2004, the Massachusetts State Police Firearms Identification Section successfully test fired the .22 caliber Marlin Model 60 rifle bearing restored serial number 08290779. On May 5, 2004, I successfully test fired the Mossberg Model 500A 12-gauge shotgun bearing serial number J762640.

### III. INTERSTATE COMMERCE

11. According to ATF Special Agent Phillip Ball, who has been trained as an interstate nexus expert, both of the firearms and the ammunition described in paragraph 8 above were manufactured outside of the Commonwealth of Massachusetts. Therefore, the firearm and ammunition possessed by Torres traveled in interstate commerce before March 8, 2004.

### IV. FELONY CONVICTION

12. Torres, using the alias Jesus Rodriguez, was convicted of assault with a dangerous weapon, which is a crime punishable

by a term of imprisonment greater than one year, in New Bedford District Court in 2003. In addition, under the name Jose Torres, he was convicted of distributing a Class A substance, also a crime punishable by a term of imprisonment greater than one year, in 1994 in New Bedford District Court.

13. Based on the foregoing, there is probable cause to believe that, on March 8, 2004, in New Bedford, Massachusetts, Jose Torres a/k/a Jesus Rodriguez, having previously been convicted of a crime punishable by a term of imprisonment of more than one year, possessed firearms and ammunition in and affecting commerce, in violation of 18 U.S.C. § 922(g)(1).

_____
Stephanie Schafer
Special Agent, Bureau of
Alcohol, Tobacco, Firearms and
Explosives

Sworn to and subscribed before me this 18th day of June, 2004.

_____
CHARLES B. SWARTWOOD, III
United States Magistrate Judge

5